838 F.2d 1004
 Betty J. COLEMAN and Doyle J. Williams, Appellants,
v.
William TURNER, Warden, Renz Farm, Appellee.
Betty J. COLEMAN and Doyle J. Williams, Appellants,
v.
Rose BALLAS, Mickie Ross, William Turner and Diane Garber, Appellees.
 No. 86-2534.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 10, 1987.
Decided Feb. 17, 1988.
 
 Betty J. Coleman, pro se.
 Doyle J. Williams, pro se.
 Mark Edelman, Asst. Atty. Gen., Jefferson City, Mo., for appellee.
 Before HEANEY, WOLLMAN and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 I. INTRODUCTION.
 
 
 2
 Betty June Coleman, an inmate at the Renz Correctional Center ("Center"), and Doyle J. Williams[1] ("appellants") filed a pro se suit against William Turner, superintendent of the Center, and Micky Ross, a corrections officer at the Center ("appellees"). Appellants claimed that appellees (1) violated their right to send and receive mail; (2) harassed them in retaliation for pursuing litigation; (3) violated their right of access to the courts; (4) violated Coleman's right to visitation; and (5) punished Coleman in a cruel and unusual manner. The jury found for appellants on the claim of retaliation and awarded them each $1 in nominal damages. After the jury verdict, appellants sought an order (1) directing appellees to remove from institutional records all references to Coleman's conduct violations because the conduct violations had been determined without due process; and (2) directing appellees to stop punishing them for bringing lawsuits. Appellants also filed a motion for attorney's fees and costs. The district court[2] denied appellants injunctive relief, finding (1) that the conduct violations were imposed consonant with due process, and (2) that appellants were not being retaliated against in an attempt to deny them access to the courts. The district court then concluded that it had no authority to award appellants attorney's fees and costs. Appellants appeal from these findings.
 
 
 3
 II. DISCUSSION.
 
 
 4
 Bearing in mind that we read appellants' pro se pleadings with a generous eye, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972), we address three arguments raised in appellants' pleadings.
 
 
 5
 Appellants first argue that the district court erred in declaring it had no authority to award attorney's fees and costs in 42 U.S.C. Sec. 1983 actions. Appellants are not represented by counsel on appeal, nor were they in the district court. Because appellants were not represented by counsel, they are not entitled to attorney's fees under 42 U.S.C. Sec. 1988. Davis v. Parratt, 608 F.2d 717, 718 (8th Cir.1979). However, reading the district court's statement that it had no authority to award costs, it appears that the district court labored under an overly-broad interpretation of Davis or an overly-modest appraisal of its own authority. It has long been the law that the district court has the power to award costs to successful parties, Fed.R.Civ.P. 54(d); Davis, 608 F.2d at 718, even where the parties prevail only to the extent of nominal damages. Smith v. DeBartoli, 769 F.2d 451 (7th Cir.1985), cert. denied, 475 U.S. 1067, 106 S.Ct. 1380, 89 L.Ed. 606 (1986). We therefore remand this case to the district court for consideration of appellants' claims for costs.
 
 
 6
 Appellants next take exception to the district court's finding that Coleman's due process rights were not violated by the denial of counsel at her disciplinary hearing. They also contend that Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), mandates that prisoners be appointed representation in such hearings. Both claims have been rejected by the Supreme Court. Miranda has no "substantial bearing on the question whether counsel must be provided at '[p]rison disciplinary hearings [which] are not part of a criminal prosecution.' " Baxter v. Palmigiano, 425 U.S. 308, 315, 96 S.Ct. 1551, 1556, 47 L.Ed.2d 810 (1976) (quoting Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)). There is no allegation that a criminal prosecution distinct from the prison disciplinary hearings is implicated here. The Baxter Court went on to conclude that "[w]e see no reason to alter our conclusions so recently made in Wolff that inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.' 418 U.S. at 570, 94 S.Ct. at 2981." Baxter, 425 U.S. at 315, 96 S.Ct. at 1556.
 
 
 7
 Moreover, the record indicates that the district court was aware of the Wolff Court's admonition that the appointment of substitute counsel might be proper in cases involving illiterate prisoners. Wolff, 418 U.S. at 570, 94 S.Ct. at 2981. The district court diligently reviewed the facts before concluding that appellants were literate, and thus not within the class of inmates entitled to advice or help from others in the course of a prison disciplinary hearing. Appellants do not point to any other specific due process protections which were abridged by the prison officials' conduct at the disciplinary hearings.
 
 
 8
 Finally, appellants insist that the district court neglected to consider properly the jury verdict of liability on the harassment claims, before denying appellants' request for injunctive relief from future prison harassment. We note that a large degree of discretion is entrusted to the trial court in determining whether an injunction should issue, and that appellate review of either a grant or denial of injunctive relief is confined to the familiar determination of whether the trial court abused its discretion. See Olin Water Services v. Midland Research Laboratories, Inc., 774 F.2d 303, 307 (8th Cir.1985). It is clear from the record that the disciplinary actions taken against Coleman were supported by a "basis of fact," namely evidence in the record which supported the conclusions reached by the disciplinary board under the test enunciated in Willis v. Ciccone, 506 F.2d 1011 (8th Cir.1974). In addition, appellants' many recent lawsuits abundantly demonstrate that they have had, and continue to have, access to the courts. In sum, we can find no evidence in the record to support appellants' contention that the district court abused its discretion in denying injunctive relief.
 
 
 9
 We have further reviewed appellants' brief and are satisfied that they raise no other meritorious arguments. Accordingly, we affirm the district court's denial of injunctive relief. We remand, however, for consideration of appellants' claim for costs incurred in this action.
 
 
 
 [1]
 Appellants were not married at the commencement of this litigation, but were married before trial
 
 
 [2]
 The Honorable William A. Knox, United States Magistrate for the Western District of Missouri, sitting pursuant to 28 U.S.C. Sec. 636(c)(1)