**Isaac Edward ALLEN, Appellee,**

v.

**Gerald HIGGINS, Louis Hunley, Ferdinand Lietzke, Michael Groose, Appellant.**

**Tim Bax, Bert S. Johnson, Donald Hartness, Cecil R. Riley, Allen H. Welch, Bernard Luebbert.**

**No. 89–1521.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1990.

Decided May 4, 1990.

Rehearing and Rehearing En Banc Denied June 13, 1990.

Bruce Farmer, Jefferson City, Mo., for appellant.

Richard F. Modin, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, and FLOYD R. GIBSON and ROSS, Senior Circuit Judges.

ROSS, Senior Circuit Judge.

Appellee Isaac Edward Allen filed this 42 U.S.C. § 1983 lawsuit while in prison at the Central Missouri Correctional Center (CMCC). In his pro se complaint, Allen stated that twenty-one separate constitutional violations concerning his treatment and conditions of confinement were committed by ten separate defendants between December 1983 and January 1984. When the matter was submitted to the jury, only two claims remained, both against CMCC Assistant Superintendent Michael Groose. The first claim stated that Groose refused to let Allen obtain a mail order military surplus catalog, and the second stated that Groose refused to let Allen receive a pornographic magazine, both in violation of Allen's first amendment rights. The jury returned a verdict in favor of appellant Groose on Allen's claim regarding the pornographic magazine. On the claim involving the government surplus catalog, the jury found in favor of Allen and awarded him $1.00 in damages. Following the jury verdict, the district court entered an order awarding Allen's attorney $19,927.64 in attorney's fees.

On appeal, appellant Michael Groose argues that (1) the trial court erroneously failed to dismiss Allen's claim on the basis of qualified immunity, (2) the trial court erroneously failed to instruct the jury on Groose's qualified immunity defense, and (3) the attorney's fee award is excessive. We affirm the decision of the district court but reverse the amount of the attorney's fee award.

Assistant Superintendent Groose first argues on appeal that he was entitled to qualified immunity as a matter of law. We disagree. Allen claims that he attempted to mail a money order for the purchase of a government surplus catalog sometime in January, 1984. Allen further alleges that Groose denied his request to mail the money order because of Groose's belief that the catalog could have cutaway drawings and pictures of guns and explosives. There is some dispute as to whether the catalog was actually received at the CMCC mail room and returned to the publisher, or whether the order for the catalog was never sent. It is undisputed, however, that Groose did not examine the catalog prior to denying Allen's access to it.

The catalog, or a catalog similar to the catalog Allen attempted to receive, was introduced at trial and did not contain directions on making weapons or schematic drawings of explosives or guns. Groose

testified that he would not have disallowed Allen access to this type of catalog. Based on the trial court's finding that the catalog ordered by Allen, "clearly posed no threat to the security of the institution," the trial court concluded that Groose was not entitled to qualified immunity. We agree.

■ Although Groose testified that he had seen government surplus catalogs containing cutaway drawings and pictures of guns and explosives, he did not examine the requested catalog before disallowing its availability to Allen. Once he did examine the catalog, or a similar catalog, he stated that he would not have refused its entry into CMCC. A government official performing discretionary functions is generally entitled to qualified immunity when his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In light of the fact that Groose had not examined the catalog before making his decision to disallow it, Groose could not have reasonably assessed whether his conduct violated clearly established law. Under these circumstances, we cannot say that the exclusion of the government surplus catalog from CMCC was "reasonably related to legitimate penological interests." *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987).

In light of our decision that Groose was not entitled to qualified immunity as a matter of law, we find it unnecessary to reach the question of whether he was entitled to a particularly worded qualified immunity jury instruction.

■ Finally, Groose argues on appeal that the attorney's fee award of nearly $20,000 was excessive in light of the jury verdict in favor of Allen against only one of ten defendants and on only one out of twenty-one original claims, for a total damage award of only $1.00. Prevailing parties in federal civil rights actions are entitled to reasonable attorney's fees and costs under 42 U.S.C. § 1988. *See Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Allen's attorney, Rich-

ard Modin, originally requested $22,470.59 in attorney's fees and expenses based on all the hours worked in this case despite his limited success at trial. The trial court ordered Modin to delete those entries on his time sheets that clearly went to the nonprevailing claims. In response, Modin deleted 15 out of 203.75 hours of attorney services, 18.5 hours out of 49.5 hours of law clerk services, and some incidental expenses. Modin's final fee request was for a total of $19,927.64, an 11% reduction from his original request. The trial court awarded Allen this amount in fees and expenses.

Although Allen's original complaint contained twenty-one separate claims, only ten claims remained at the time Modin was appointed as counsel. On the morning of trial, Modin moved the court to dismiss four of these claims, while another four claims were dismissed by the court either at the close of plaintiff's evidence or at the close of the entire case. Modin now admits that these eight claims were untenable either factually or legally. Allen ultimately prevailed on only one of the two claims presented to the jury and received a total damage award of $1.00.

In *Hensley v. Eckerhart, supra,* 461 U.S. at 440, 103 S.Ct. at 1943, the Supreme Court held that "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Where a plaintiff fails to prevail on claims "unrelated" to those on which he or she succeeds, then work on these unrelated, unsuccessful claims cannot be compensated. *Id.* at 434–35, 103 S.Ct. at 1939–40. Similarly, in *Fast v. School Dist. of Ladue,* 728 F.2d 1030, 1035 (8th Cir.1984), this court held that the amount of attorney's fees should be based only on the amount of attorney time fairly attributable to the issues on which the plaintiff prevailed.

Here, Allen achieved only limited success in comparison with the results he sought. Each of the eight claims that were dismissed either the day of trial or at the close of the evidence were unrelated to the claim upon which Allen ultimately prevailed and

work on these unsuccessful, unrelated claims cannot now be compensated. In light of Allen's limited success, we reverse the district court's order awarding attorney's fees in the amount of $19,927.64, and reduce the fee award to $10,000.00.

Accordingly, the judgment of the district court is affirmed to the extent that it finds that Groose is not entitled to qualified immunity. The attorney's fee award, however, is reversed and reduced to $10,000.00.