**Paul WARREN, Appellant,**

v.

**Judy FANNING; Dr. Taca, Appellees.**

**Paul WARREN, Appellee,**

v.

**Judy FANNING, Dr. Taca, Appellant.**

**Nos. 90–2832, 90–2833.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1991.

Decided Nov. 21, 1991.

Margaret Hart–Mahon, St. Louis, Mo., argued, for appellant.

Kathi L. Chestnut, St. Louis, Mo., argued, for appellees and Kathryn A. Dyer on the brief.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

BOWMAN, Circuit Judge.

Paul Warren, a state prisoner, filed this suit under 42 U.S.C. § 1983 (1988), alleging that his constitutional right to be free from cruel and unusual punishment had been violated by reason of the deliberate indifference of the defendant state actors to his serious medical needs. A jury found that Dr. Arturo Taca had violated Warren's Eighth Amendment rights, but awarded Warren neither compensatory nor nominal damages. The Magistrate Judge [1] declined to award Warren attorney fees. Both parties appeal. We affirm.

Warren entered the Missouri Department of Corrections in May 1986. After he was transferred to the Missouri Eastern Correctional Center ("MECC") he began seeking medical treatment for an infection of the toes on his left foot in late 1986 or early 1987. He complained repeatedly of pain and discomfort in his toes for the next year. During that time, he also complained of pain in his right ankle. Warren wore a corrective boot on his right foot, the result of an injury suffered in 1974 that required a rod to be inserted in his right leg and that resulted in his right leg being shorter than his left leg. The pain in his right ankle caused him to seek medical treatment on numerous occasions during the years 1987 and 1988. For both of these ailments, Dr. Taca, a contract doctor at MECC, was the responsible physician in charge of Warren's treatment. In April 1988, after Dr. Taca referred Warren to an outside specialist, Warren underwent surgery to have his toenails on his left foot permanently removed. In June 1988, after Warren was referred to the same specialist, Warren had an operation to have the rod in his right leg removed. A surgical procedure also was performed on his right heel. After undergoing these procedures, Warren, who had complained earlier that his corrective boots were not being maintained properly, complained that his right ankle still bothered him as he was forced to wear the same pair of damaged boots.

In April 1988 Warren filed this Section 1983 lawsuit alleging that Dr. Taca, as well as three other defendants employed at MECC, had violated his right to be free from cruel and unusual punishment by denying him proper medical treatment in deliberate indifference to his serious medical needs. At the completion of the trial only Dr. Taca and Judy Fanning (now Hudson), the director of health at MECC, remained as defendants. The jury was instructed to find for Warren and against either of the defendants if it found (1) that Warren had a serious medical need that required treatment, (2) that the defendant was deliberately indifferent to that need, and (3) that the defendant's deliberate indifference was the proximate cause of injury and consequent damage to Warren. The jury found for Warren against Dr. Taca, but not against Fanning. Regarding damages, the jury was instructed to award Warren money damages to compensate him for any damages sustained as a direct result of the violation of his constitutional rights. If the jury found a violation but no substantial

1. The Honorable Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri. The parties consented to try this case in front of the Magistrate Judge with a direct appeal to the Court of Appeals, pursuant to 28 U.S.C. § 636(c)(1) & (3) (1988).

actual damages, the jury was allowed (but not required) to award Warren nominal damages in the amount of one dollar. The jury, having found for Warren and against Dr. Taca, awarded Warren neither actual damages nor nominal damages.

After the trial, Dr. Taca filed a motion to alter or amend the judgment, or in the alternative, for judgment notwithstanding the verdict. Warren filed a motion for a new trial, or in the alternative, to alter or amend the judgment. Warren also filed a motion requesting attorney fees. All these motions were denied by the Magistrate Judge, judgment was entered accordingly, and both parties appeal.

█ Dr. Taca appeals the denial of his motion for judgment notwithstanding the verdict. In reviewing the denial of this motion, we use the same standard as the trial court, *Charles Woods Television v. Capital Cities/ABC,* 869 F.2d 1155, 1159 (8th Cir.), *cert. denied,* 493 U.S. 848, 110 S.Ct. 145, 107 L.Ed.2d 104 (1989); namely, we must

> (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. That done, [we must affirm the denial of] the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence.

*Western Am., Inc. v. Aetna Casualty and Sur.,* 915 F.2d 1181, 1183 (8th Cir.1990).

█ Deliberate indifference to a prisoner's serious medical needs violates the prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976). "Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." *Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir.1990) (citation omitted). "Medical care

so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the eighth amendment," *id.,* but a "mere disagreement with the course of [the inmate's] medical treatment [does not constitute] an eighth amendment claim of deliberate indifference." *Smith v. Marcantonio,* 910 F.2d 500, 502 (8th Cir. 1990).

█ Examining the record in the light most favorable to Warren, we conclude that reasonable persons could differ as to the conclusions to be drawn. Warren developed a problem with his left toes in late 1986. He first complained of this problem at some point prior to February 1987. Between February 1987 and April 1988, when he had his left toenails permanently removed by an outside specialist, he complained of pain and discomfort in his left toes at least twelve times to the prison medical staff. Warren testified that his toenails were black from June 1987 until January 1988, when he first saw the outside specialist. Warren and another witness testified that Dr. Taca once told Warren that his toenails were supposed to turn black and fall off once a year. Dr. Taca referred to Warren as a chronic complainer, many of whose complaints "didn't pan out." Trial Testimony, vol. III at 191. Of the numerous times in 1987 and 1988 that Warren complained of pain in his right ankle, at least nine times Dr. Taca's treatment consisted primarily of "patient reassurance." Our examination of Dr. Taca's trial testimony reveals an attitude towards Warren's medical needs that reasonably could be viewed as indifferent, if not contemptuous. The immediate diagnosis of the outside specialist was vastly different from that of Dr. Taca, as was the prescribed treatment. Considering the state of the record and the inferences the jury properly could have drawn regarding Dr. Taca's attitude toward Warren, we are persuaded that reasonable persons could differ as to whether Dr. Taca's actions amounted to deliberate indifference to Warren's medical needs, or whether there was simply a disagreement with the course of Warren's medical treatment. Accordingly, we affirm

the Magistrate Judge's order denying Dr. Taca's motion for judgment notwithstanding the verdict.[2]

■■■ We turn to Warren's appeal. He first argues that, because the weight of the evidence showed he was entitled to compensatory damages, the court erred in not granting a new trial. "The trial court's decision [on a motion for a new trial] should not be reversed absent a strong showing of abuse of discretion." *Champeau v. Fruehauf Corp.*, 814 F.2d 1271, 1274 (8th Cir.1987). Warren has made no such showing. The fact that the jury found that his Eighth Amendment rights had been violated does not mean that he suffered substantial compensable damages that could be measured accurately. We therefore decline to reverse the trial court's denial of Warren's motion for a new trial.

■■■ In the alternative, Warren claims that he is entitled to nominal damages, that the jury was not so instructed, and that the judgment should be amended to include such damages. We agree that the law would entitle Warren to nominal damages from Dr. Taca. "[T]he jury is required to award nominal damages once it has found cruel and unusual punishment if it has not been able to convert into dollars the injury and pain a plaintiff has suffered." *Cowans v. Wyrick*, 862 F.2d 697, 699 (8th Cir. 1988). Here, the jury found that Dr. Taca's deliberate indifference inflicted cruel and unusual punishment upon Warren. That does not end our inquiry, however, for the instructions proffered by Warren and read to the jury without objection stated only that

> [i]f you find that the plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the plaintiff has sustained substantial (actu-

al) damages, then you *may* return a verdict for the plaintiff in some nominal sum such as one dollar (on account of actual damages).

Jury Instruction No. 14, *reprinted in* Appellant's Brief at 9–10 (emphasis added). On the verdict form sheet submitted to the jury, a space was included for an award of actual damages, but no provision was made for a nominal damages award.

■ "[A]ny error in instructions not properly objected to is waived unless it is plain error that resulted in a miscarriage of justice." *Beckman v. Mayo Foundation*, 804 F.2d 435, 438 (8th Cir.1986). Here, the jury instruction on nominal damages not only was not objected to, but also was proffered to the trial judge by Warren. Moreover, the effect of the incorrect instruction is only that it left the jury with discretion to decline to award Warren nominal damages. Clearly, the erroneous instruction has not resulted in a miscarriage of justice and does not constitute plain error. We therefore affirm the trial court's denial of Warren's motion to amend the judgment to include nominal damages.

■■■ Finally, we turn to Warren's claim that the Magistrate Judge erroneously denied his motion for attorney fees.[3] 42 U.S.C. § 1988 (1988) provides in relevant part that "[i]n any ... proceeding to enforce a provision of Section[ ] ... 1983, ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." The Magistrate Judge held that Warren was not a prevailing party and therefore was not entitled to attorney fees.

Warren is a prevailing party if he "succeeded on 'any significant issue in litigation which achieve[d] some of the benefit [he] sought in bringing suit.'" *Texas State*

---

2. For the same reasons, we also affirm the order denying Dr. Taca's motion to alter or amend the judgment.

3. Dr. Taca claims that this issue is not properly before us. This claim cannot be taken seriously. Warren's timely notice of appeal "appeals ... from the final judgment rendered pursuant to th[e] Court's Order entered in this action on the 9th day of October, 1990." Notice of Appeal,

*reprinted in* Appellant's Reply Brief Addendum at 1. The final order entered on October 9, 1990 denied Warren's motion for a new trial, his alternative motion to alter the judgment, his motion for attorney fees, Taca's motion to alter the judgment, and Taca's alternative motion for judgment notwithstanding the verdict. This is the final order from which Warren's appeal is taken.

*Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (quoting *Nadeau v. Helgemoe,* 581 F.2d 275, 278–79 (1st Cir.1978)).

> [A]t a minimum, to be considered a prevailing party ... the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant. Beyond this absolute limitation, a technical victory may be so insignificant ... as to be insufficient to support prevailing party status.... Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis,* a district court would be justified in concluding that even the "generous formulation" we adopt today has not been satisfied.

*Id.* 489 U.S. at 792, 109 S.Ct. at 1493 (citations omitted). Warren's claim was that his Eighth Amendment rights were violated. As against Dr. Taca, Warren succeeded on this claim. But Warren asked only for money damages; he did not ask for a declaratory judgment or injunctive relief. Thus, Warren "won" nothing. While our circuit apparently has ruled that an award of nominal damages is sufficient to make a plaintiff a prevailing party, *see Allen v. Higgins,* 902 F.2d 682, 684 (8th Cir.1990); *Coleman v. Turner,* 838 F.2d 1004, 1005 (8th Cir.1988) (a pre-*Garland* case using the standard adopted by *Garland,* holding that a party awarded only nominal damages is a prevailing party), here Warren did not even receive nominal damages. Although, as explained earlier in this opinion, Warren would have obtained nominal damages under a proper instruction, the erroneous instruction given to the jury is the very instruction proffered by Warren, and when the trial judge read this instruction to the jury, no objection was voiced. Warren and his counsel thus have no one to blame but themselves for the jury's decision not to award nominal damages, and Warren is left with nothing except the jury's determination that Dr. Taca was deliberately indifferent to Warren's serious medical needs. A Pyrrhic victory such as this is surely what the Supreme Court meant when it

referred to "purely technical or *de minimis*" success. *Garland,* 489 U.S. at 792, 109 S.Ct. at 1493. *Cf. Northbrook Excess and Surplus Ins. v. Procter & Gamble,* 924 F.2d 633, 641–42 n. 11 (7th Cir.1991) (holding that a recovery of $45,500 on a claim of more than $5 million is de minimis).

As the Fifth Circuit recently noted, our holding does

> not diminish the significance of a finding of a constitutional violation.... [T]he Supreme Court [has] held that [a constitutional violation] is actionable for nominal damages even without proof of actual injury. Moreover, ... "[a] violation of constitutional rights is never de minimis," in the sense that a constitutional violation is never "so small or trifling that the law takes no account of it." That holding is no less valid today. Rather, we hold that when the sole object of a suit is to recover money damages, the recovery of [no money] is no victory under Section 1988. This was no struggle over constitutional principles. It was a damage suit and surely so since plaintiffs sought nothing more.

*Estate of Farrar v. Cain,* 941 F.2d 1311, 1315 (5th Cir.1991) (footnotes omitted) (quoting *Lewis v. Woods,* 848 F.2d 649, 651 (5th Cir.1988)). In an action seeking only money damages, a determination that a constitutional violation has occurred, unaccompanied by any kind of damage award, not even a nominal award, does not sufficiently change the legal relationship between the parties so as to make the verdict anything more than a technical victory. *See Hewitt v. Helms,* 482 U.S. 755, 762, 107 S.Ct. 2672, 2676–77, 96 L.Ed.2d 654 (1987) (the "moral satisfaction of knowing that a federal court concluded that his rights had been violated" is not enough to make the plaintiff a prevailing party.). The trial court correctly denied Warren's motion for attorney fees.

The judgment is affirmed.

HEANEY, Senior Circuit Judge, concurring.

I concur in the result, but write separately to underscore the importance of properly

instructing the jury on the necessity of awarding nominal damages to redress violations of constitutional rights.

Warren alleged and proved an eighth amendment violation through Dr. Taca's deliberate indifference to Warren's serious medical needs, which indifference proximately caused injury to Warren. Jury Instruction No. 10 correctly required the jury to make each of these findings in Warren's favor before concluding that Dr. Taca's treatment constituted cruel and unusual punishment. Once the jury made these findings, it was required, and should have been instructed, to award Warren nominal damages if it was unable to place a monetary value on the harm Warren suffered. *See Cowans v. Wyrick*, 862 F.2d 697, 699 (8th Cir.1988). Nominal damages are required because a finding of cruel and unusual punishment necessarily includes a determination that the plaintiff suffered pain, anguish, or misery of some kind. *Id.* The jury's inability to quantify the value of Warren's pain should have triggered an award of nominal damages.

Jury Instruction No. 14 thus contained a critical flaw: the use of the permissive "may" instead of the mandatory "must" in reference to nominal damages. The verdict form was similarly flawed in that it omitted a space in which to enter a nominal award. Unfortunately for Warren, his counsel's own drafting produced these flaws and we cannot correct them on appeal.

Had a properly instructed jury awarded nominal damages against Dr. Taca, Warren certainly would have crossed the statutory threshold of eligibility for attorney's fees and costs under 42 U.S.C. § 1988. *See Allen v. Higgins*, 902 F.2d 682, 684 (8th Cir.1990) (awarding $10,000 attorney's fee to plaintiff who prevailed against only one of ten defendants on only one of twenty-one claims for total damages of $1). Prevailing party status for purposes of section 1988 requires only that the plaintiff succeed on *any* significant issue in litigation which achieves *some* of the benefit sought in bringing the action. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92, 109 S.Ct. 1486, 1492–93, 103 L.Ed.2d 866 (1989). As the Supreme Court noted, "the *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all." *Id.* at 790, 109 S.Ct. at 1492 (emphasis in original).

I believe the jury's failure to award nominal damages and Warren's consequent ineligibility for a fee award resulted solely from an erroneous jury instruction proffered by Warren himself. Accordingly, I reluctantly concur in affirming the district court's refusal to amend the judgment and to award attorney's fees.