972 F.2d 974
 Donald ROBINSON; Dorothy L. Robinson; John C. Jones, by
his next friends Donald Robinson and Dorothy
Robinson, Appellants,
v.
The CITY OF ST. CHARLES, MISSOURI; Officer Jim Schweppe,
St. Charles Police Department; Officer Michael
Gravemann, St. Charles Police
Department, Appellees.
 No. 91-2243.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 7, 1992.
Decided Aug. 14, 1992.
 
 Harold Whitfield and Rita Montgomery, St. Louis, Mo., for appellants.
 Robert Krehbiel, and Joy Urbom, Evans & Dixon, St. Louis, Mo., for appellees.
 Before MAGILL, Circuit Judge, WELLFORD, Senior Circuit Judge,* and LOKEN, Circuit Judge.
 LOKEN, Circuit Judge.
 
 
 1
 Plaintiffs in this § 1983 excessive force damage action are Donald and Dorothy Robinson and their grandson, John Jones. They appeal the judgment of the district court[1] entered on a directed verdict in favor of the City of St. Charles, Missouri, and a jury verdict substantially in favor of two of its police officers, Michael Gravemann and James Schweppe. Plaintiffs argue that the district court erred in refusing to admit evidence of the officers' prior bad acts. In addition, Jones contends that he is entitled to an attorney's fee because the jury found one officer liable to him but awarded no damages. We affirm.
 
 I.
 
 2
 Late in the evening of February 20, 1988, the Robinsons and thirteen year-old Jones noticed a disturbance across the street and went there to find the Robinsons' son and send him home before trouble ensued. Officers Gravemann and Schweppe, followed by other officers, arrived a few minutes after plaintiffs and asked the crowd to disperse.
 
 
 3
 Officer Schweppe testified that another bystander accused Mrs. Robinson of cutting his jacket with a razor. Mrs. Robinson was walking away, and when Schweppe asked her to stop, she ran across the street. Schweppe caught up and grabbed her, and as she struggled to break free, Mr. Robinson and Jones jumped on Schweppe and brought the whole group to the ground. Officer Gravemann pulled Jones off of Schweppe. Another officer helped Schweppe handcuff Mrs. Robinson and recalled striking Mr. Robinson with his flashlight. Schweppe found a razor on the ground underneath Mrs. Robinson. All three plaintiffs were arrested. The Robinsons spent the weekend in the St. Charles jail; Jones was promptly released to a relative.
 
 
 4
 Plaintiffs sued Schweppe, Gravemann, another officer they later dismissed, and the City of St. Charles for compensatory and punitive damages and attorneys' fees. They alleged illegal arrest, excessive force, and false imprisonment by the officers. They also claimed that the City had failed to train and supervise its police officers, had failed to respond to complaints of police brutality, and had retained sadistic and vicious officers despite notice of their misconduct.
 
 
 5
 At trial, Mrs. Robinson testified that she was beaten, forced to the ground, and verbally abused by Schweppe. Mr. Robinson corroborated his wife's testimony and testified that he was assaulted and kicked by Officer Gravemann and another officer when he went to her aid. Jones supported his grandmother's testimony and stated that an officer hit him in the head as he tried to help her.
 
 
 6
 Plaintiffs also sought to introduce Schweppe's and Gravemann's personnel files against all defendants as evidence of the officers' prior bad acts and the City's knowledge of them. The district court initially ruled the files inadmissible against the individual officers. After plaintiffs had presented the rest of their case, the court excluded this evidence against the City as well, stating that plaintiffs had failed to show what official policy, ordinance, regulation, or official decision the officers had violated. The court then granted the City's motion for a directed verdict.
 
 
 7
 The individual defendants then presented their evidence, and other defense witnesses supported the officers' version of the incident. At the close of all evidence, the court submitted to the jury Mrs. Robinson's claim against Schweppe, and Jones's and Mr. Robinson's claims against Gravemann. The jury found in favor of the officers on the Robinsons' claims. It found Gravemann liable to Jones, but awarded Jones zero damages. The court entered judgment on this verdict and denied all post-trial motions. This appeal followed.
 
 II.
 
 8
 Plaintiffs argue that the district court should have admitted the officers' personnel records at trial because this evidence of prior bad acts was relevant to show "whether the defendant police officers acted with reason and control or maliciously and sadistically for the purpose of causing harm." This argument is foreclosed by the Supreme Court's recent decision in Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), in which the Court held that § 1983 excessive force claims arising in the context of an arrest must be analyzed under the Fourth Amendment's reasonableness standard. Unlike a substantive due process standard that focuses on whether the officers acted "maliciously and sadistically," the Fourth Amendment standard is entirely objective:
 
 
 9
 As in other Fourth Amendment contexts ... the "reasonableness" inquiry in an excessive force case is ... whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.... An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.
 
 
 10
 490 U.S. at 397, 109 S.Ct. at 1872 (citations omitted). See also Foster v. Metropolitan Airports Comm'n, 914 F.2d 1076, 1081-83 (8th Cir.1990). Thus, the officers' personnel files were not admissible for the purpose urged by plaintiffs, and the district court obviously did not abuse its discretion in refusing to admit this evidence against Schweppe and Gravemann. See Morgan v. City of Marmaduke, 958 F.2d 207, 210 n. 2 (8th Cir.1992).
 
 
 11
 Next, Jones argues that the verdict in his favor against Gravemann makes him a "prevailing party" for purposes of 42 U.S.C. § 1988, and therefore the district court erred in denying him an attorney's fee award even though the jury awarded him no damages. This argument is foreclosed by our recent decision in Warren v. Fanning, 950 F.2d 1370 (8th Cir.1991), where we held: "In an action seeking only money damages, a determination that a constitutional violation has occurred, unaccompanied by any kind of damage award, not even a nominal award, does not sufficiently change the legal relationship between the parties so as to make the verdict anything more than a technical victory." Id. at 1375, citing Hewitt v. Helms, 482 U.S. 755, 762, 107 S.Ct. 2672, 2676-77, 96 L.Ed.2d 654 (1987).
 
 
 12
 The Supreme Court has recently granted certiorari in Farrar v. Hobby, --- U.S. ----, 112 S.Ct. 1159, 117 L.Ed.2d 407 (1992), to consider whether a § 1983 plaintiff who recovers only nominal damages is a prevailing party under § 1988. However, Jones neither requested an instruction on nominal damages nor objected to the damage instructions given. The instructions gave the jury the discretion not to award nominal damages. The jury did not award Jones nominal damages, and he made no post-verdict motion challenging the failure to award nominal damages. Therefore, Jones was not a prevailing party under Warren v. Fanning and his motion for an attorney's fee was properly denied.
 
 
 13
 Finally, plaintiffs argue that the district court erred in granting a directed verdict in favor of the City on the ground that any prior bad acts evidenced in the officers' personnel files were insufficient to establish municipal liability.[2] Plaintiffs contend that this was sufficient evidence of the City's custom of allowing excessive force by its police officers to require submission of their claims to the jury, as in Fletcher v. O'Donnell, 867 F.2d 791 (3d Cir.), cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 591 (1989).
 
 
 14
 We conclude that we need not reach this question because the jury verdict has rendered it moot. The Robinsons have no § 1983 claim against the City because the jury determined that their constitutional rights were not violated by the police officers:
 
 
 15
 [None] of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.
 
 
 16
 City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986). See also Hancock v. Dodson, 958 F.2d 1367, 1376 (6th Cir.1992) (city cannot be liable for failing to train officer who committed no constitutional violation); Swink v. City of Pagedale, 810 F.2d 791, 794-95 (8th Cir.), cert. denied, 483 U.S. 1025, 107 S.Ct. 3274, 97 L.Ed.2d 772 (1987).[3]
 
 
 17
 The jury did return a verdict in favor of Jones on his excessive force claim against Officer Gravemann. However, the jury awarded no damages. As the court noted in Fletcher v. O'Donnell, the principal case upon which plaintiffs rely, "At any new trial, even against the City, Fletcher will be estopped by that judgment from attempting to recover compensatory damages in excess of that amount." 867 F.2d at 795. Thus, the jury's verdict establishes Jones's damages as zero, so that any trial of his damage claim against the City would serve no practical purpose.[4]
 
 
 18
 Accordingly, the judgment of the district court is affirmed.
 
 WELLFORD, Senior Circuit Judge, concurring:
 
 19
 The ramifications of these civil rights claims by three separate plaintiffs of the use of excessive force and unlawful arrest against two police officers and the City of St. Charles are manifold and complex. In effect, there were nine separate lawsuits involved, some similar in nature against the individual officers, others of a different nature against the City (for alleged failure to train and supervise the officers, failure to investigate adequately police misconduct charges, and retention of defendants described as "sadistic and vicious police officers"). More than that, there were both compensatory and punitive damage claims made by each plaintiff against the individual officers.
 
 
 20
 I believe that under the rationale of Fletcher v. O'Donnell, 867 F.2d 791 (3d Cir.), cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 591 (1989), the officers' "personnel files," including the items mentioned in n. 2 of the majority opinion, should have been admitted in the claims against the City because they were relevant to the City's alleged official policy. See Pembaur v. City of Cincinnati, 475 U.S. 469, 481-82, 106 S.Ct. 1292, 1299, 89 L.Ed.2d 452 (1986). I believe the exclusion of the evidence may have been a proper exercise of the district court's discretion as to officers Schweppe and Gravemann, but was error as to the City of St. Charles. The error, however, was harmless in light of the jury's verdict of no liability as to plaintiffs, Mr. and Mrs. Robinson.
 
 
 21
 The jury, however, found that Gravemann had violated Jones' constitutional rights, but it awarded no damages. This court's decision in Warren v. Fanning, 950 F.2d 1370 (8th Cir.1991), describes such an "award" as nothing "more than a technical victory." Id. at 1375. As the majority states, counsel for Jones made no effort in the district court to challenge or correct the jury's action in failing to make any award, even a nominal one. I agree, therefore, that Jones cannot be deemed a prevailing party. Under the Fletcher rationale, even if we granted Jones a new trial against the City, he would be estopped from "attempting to recover compensatory damages" because the jury made no award as a result of Gravemann's misconduct. Fletcher, 867 F.2d at 795.[1]
 
 
 22
 While the results here seem somewhat unsatisfactory, I concur in the opinion since we must affirm under the precedent cited, particularly Warren.
 
 
 
 *
 The Honorable Harry W. Wellford, Senior United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge, Eastern District of Missouri
 
 
 [2]
 Other than the personnel files, which contain notations of citizen complaints, departmental evaluations and disciplinary reports, and other civil suits, the record contains no evidence supporting plaintiffs' theories of municipal liability. To prove their claims against the City, plaintiffs must prove that it had notice that its police training was inadequate and deliberately chose not to remedy the situation, or that it was deliberately indifferent to a continuing, widespread, persistent pattern of unconstitutional misconduct. See Thelma D. by Delores A. v. Board of Educ., 934 F.2d 929, 932-35 (8th Cir.1991)
 
 
 [3]
 Our recent decision in Parrish v. Luckie, 963 F.2d 201, 206-07 (8th Cir.1992), is distinguishable because there the jury found that an officer had deprived plaintiff of her constitutional rights
 
 
 [4]
 We are assuming that the district court's post-judgment award of $678.48 costs against defendant Gravemann has been or will be paid
 
 
 [1]
 Also, as pointed out in Fletcher, there can be no punitive damages recovery against the City. See Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981)