994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Jeffrey L. DAVIS, Appellant,
v.
James PURKETT, Individually and as Superintendent of the
Farmington Correctional Center, Missouri Department of
Corrections; Paul Neel, Individually and as an Employee of
the Missouri Department of Corrections and Human Resources;
Helen Scott, Individually and as an Employee of the Missouri
Department of Corrections and Human Resources; Dan Henry,
Individually and as an Employee of the Missouri Department
of Corrections and Human Resources, Appellees.
 No. 92-2758EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 26, 1993.
Filed: May 4, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Missouri prisoner Jeffrey L. Davis appeals the district court's order granting the prison officials summary judgment in his civil rights action. We review the district court's summary judgment order de novo to determine whether the record, when viewed in the light most favorable to Davis, shows there is no genuine issue as to any material fact and the prison officials are entitled to judgment as a matter of law. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992).
 
 
 2
 Davis contends he was denied due process when the prison classification committee placed and retained him in administrative segregation for an accumulation of prison conduct violations. Davis contends either Superintendent James Purkett or Assistant Superintendent Dan Henry disregarded the administrative segregation assignment rules to reduce prison overcrowding in the general population. We disagree. Davis committed four prison conduct violations within sixty days, and the prison classification committee had warned Davis that a fourth violation could result in assignment to administrative segregation. Although any one of Davis's violations would not normally merit changing Davis's classification status, the Inmate Rulebook allowed administrative segregation assignment for the violations. We conclude Davis's rapid accumulation of violations and the prison classification committee's warning about the fourth violation's consequences were sufficiently unusual to allow the prison classification committee to place Davis in administrative segregation. We also conclude Davis was properly retained in administrative segregation. The Inmate Rulebook shows an administrative segregation assignment is indefinite, and Davis does not dispute that he received periodic reviews of his assignment. See Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983).
 
 
 3
 Davis next contends correctional officer Paul Neel and unit manager Helen Scott violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him medically ordered daily showers to clean a surgical wound. We disagree. Davis had a sink, soap, and water in his cell, and the prison's medical personnel approved a change from daily showers to daily washing. The medical reports show Davis's wound did not become infected, and Davis has not shown Neel or Scott were deliberately indifferent to any serious medical need. See Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991), cert. denied, 113 S. Ct. 111 (1992).
 
 
 4
 We also reject Davis's contention that Neel filed conduct violations against Davis in retaliation for Davis's complaints about mistreatment. Davis has submitted no evidence that Neel filed conduct violations or encouraged others to file violations against him during or after his administrative segregation assignment.
 
 
 5
 Accordingly, we affirm.