LOKEN, Circuit Judge,
concurring in part and dissenting in part.
I concur in Part III of the court’s opinion, which affirms the dismissal of Vivian Rogers’s claims against the City of Little Rock, Police Chief Caudell, and Officer Morgan in his official capacity. However, I respectfully dissent from Part II, which affirms the judgment in favor of Rogers on her substantive due process claim against Officer Morgan in his personal capacity.
As the court acknowledges, “the first inquiry in any § 1983 suit is to isolate the precise constitutional violation with which the defendant is charged.” Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Officer Morgan stopped Ms. Rogers’s ear for a broken tail light, threatened to tow her car when she failed to produce proof of insurance, and then followed her home and went into her house in search of evidence of insurance. These rather routine police actions implicated the Fourth Amendment “right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.” Thus, there can be no question that, if Ms. Rogers had filed § 1983 claims challenging any of these police actions, those claims would be analyzed exclusively under the Fourth Amendment.
Ms. Rogers alleges that Officer Morgan, while acting under color of law, raped her before leaving her home. She alleges that she was coerced into nonconsensual sex while still under Morgan’s control and fearful of the consequences of failing to cooperate with a police officer. In Graham, the Supreme Court held “that all claims that law enforcement officers have used excessive force'— deadly or not — in the course of an arrest, *801 investigatory stop, or other ‘seizure’ of a free citizen should be analyzed under the Fourth Amendment and its ‘reasonableness’ standard, rather than under a ‘substantive due process’ approach.” 490 U.S. at 395, 109 S.Ct. 1865. Although due process interests may be implicated by such excessive force, Fourth Amendment analysis was appropriate in Graham because “both provisions targeted the same sort of governmental conduct and, as a result, we chose the more explicit textual source of constitutional protection over the more generalized notion of substantive due process.” Soldal v. Cook County, 506 U.S. 56, 70, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992) (quotations omitted). Yet the district court, and now this court, reject Fourth Amendment analysis in this case, apparently because Officer Morgan’s criminal misconduct does not look like a typical Fourth Amendment excessive force case. I disagree.
To recover under the Fourth Amendment, Rogers must first prove that the challenged conduct took place in the course of an arrest, investigatory stop, or seizure. The Fourth Amendment was not implicated in the recent case of County of Sacramento v. Lewis, — U.S. -, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), because there was no seizure, only pursuit that ended in a fatal car crash. Therefore, substantive due process was the only § 1983 claim available to the unsuccessful § 1983 plaintiff. Here, on the other hand, there was an initial traffic stop and seizure followed by continuing, allegedly coercive investigation at Ms. Rogers’s home. The Fourth Amendment fits the setting and amply protects her constitutional rights. If she cannot prove that the rape was part of a Fourth Amendment seizure, for example, because Officer Morgan’s police work ended before their sexual encounter began, then her substantive due process claim should fail as well. On the other hand, if the rape was part of a Fourth Amendment seizure, then Officer Morgan will surely be liable under the familiar Fourth Amendment reasonableness inquiry articulated in Winston v. Lee, 470 U.S. 753, 759-63, 105 S.Ct. 1611, 84 L.Ed.2d 662 (1985). See, e.g., Mayard v. Hopwood, 105 F.3d 1226, 1228 (8th Cir.1997) (police beating a handcuffed and hobbled ar-restee unreasonable). In my view, there is nothing inappropriate or unusual in imposing virtually per se Fourth Amendment liability on police officers who misuse their power to arrest or otherwise seize a person by committing sexual assaults.
On the other hand, the very significant problem with the court’s substantive due process analysis is that it has no definable limits. The court says, “No degree of sexual assault by a police officer acting under color of law could ever be proper.” Ante at 796. In the abstract, I can agree. But I do not agree that any such sexual assault by any government employee is a substantive due process violation. As the various opinions in Lewis make clear, “shock the conscience” is a restrictive standard for defining the scope of substantive due process. The Supreme Court has recently warned, “We must therefore exercise the utmost care whenever we are asked to break new ground in this field, lest the liberty protected by the Due Process Clause be subtly transformed into the policy preferences of the members of this Court.” Washington v. Glucksberg, — U.S. -, -, 117 S.Ct. 2258, 2268, 138 L.Ed.2d 772 (1997) (citations omitted). And the Court has “rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law.” Collins v. City of Harker Heights, 503 U.S. 115, 128, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992).
The Supreme Court instructed us in Graham to avoid substantive due process analysis when the Fourth Amendment provides “the more explicit textual source of constitutional protection” for a § 1983 claim. The district court violated that directive when it decided “this ease is best analyzed pursuant to the due process clause.” See Cole v. Bone, 993 F.2d 1328, 1332 (8th Cir.1993); Robinson v. City of St. Charles, 972 F.2d 974, 976 (8th Cir.1992); Foster v. Metropolitan Airports Comm’n, 914 F.2d 1076, 1081 (8th Cir.1990); Roach v. City of Fredericktown, 882 F.2d 294, 297 (8th Cir.1989). Accordingly, I would reverse the judgment of the district court and remand for an analysis of Vivian Rogers’s claim under the Fourth Amendment.