# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1924

_____

Vernon L. Nabert,                                    *
                                                     *
            Appellant,                               *
                                                     *
      v.                                             *
                                                     *
Kevin Murphy, Assistant Warden,                      *
Individually and in Official Capacity,               *
Benton Unit, Arkansas Department                     *
of Correction; Nolan, Major,                         *
Individually and in Official Capacity,               *
Chief of Security, Benton Unit,                      *
Arkansas Department of Correction;                   * Appeal from the United States
Campbell, Lt., Individually and in                   * District Court for the
Official Capacity, Correctional Officer,             * Eastern District of Arkansas.
Benton Unit, Arkansas Department                     *
of Correction; John Doe, Lt.,                        *      [UNPUBLISHED]
Individually and in Official Capacity,               *
Correctional Officer, Benton Unit,                   *
Arkansas Department of Correction;                   *
Blevins, Sgt., Individually and in                   *
Official Capacity, Correctional Officer,             *
Benton Unit, Arkansas Department of                  *
Correction; Newborn, Sgt., Individually              *
and in Official Capacity, Correctional               *
Officer, Benton Unit, Arkansas                       *
Department of Correction; Courtney,                  *
Warden, originally sued as Warden                    *
Cortney, Individually & in Official                  *
Capacity, Benton Unit, Arkansas                      *
Department of Correction; Judy                       *

McGuire, Classification Officer, &ast;
Individually and in Official Capacity, &ast;
Benton Unit, Arkansas Department of &ast;
Correction; Jim Guy Tucker, Governor &ast;
and Prison Commission of the State &ast;
of Arkansas; Winston Bryant, Attorney &ast;
General, State of Arkansas; David &ast;
McClinton, Chairman, Arkansas Board &ast;
of Corrections; Janis Walmsley, &ast;
Member, Arkansas Board of &ast;
Corrections; Hezekiah D. Stewart, Jr., &ast;
Member, Arkansas Board of &ast;
Corrections; Bobby L. Roberts, &ast;
Member, Arkansas Board of &ast;
Corrections; Morris H. Dreher, &ast;
Member, Arkansas Board of &ast;
Corrections; Larry A. Morris, Member, &ast;
Arkansas Board of Corrections; &ast;
Mike Gaines, Member, Arkansas &ast;
Board of Corrections; Larry Norris, &ast;
Interim Director, Arkansas Department &ast;
of Corrections; Max Mobley, Assistant &ast;
Director Health and Correctional &ast;
Programs, Arkansas Department of &ast;
Corrections; John Byus, Administrator, &ast;
Medical and Dental Services, Arkansas &ast;
Department of Corrections; Willis &ast;
Sargent, Warden, Diagnostic Unit, &ast;
Arkansas Department of Corrections; &ast;
Tillman, Lieutenant, Chief of Security, &ast;
Diagnostic Unit Hospital, Arkansas &ast;
Department of Corrections; Lowe, &ast;
Sargent, Correctional Officer, &ast;
Diagnostic Unit, Arkansas Department &ast;
of Corrections; PHP Healthcare, Inc., &ast;
Healthcare Provider Under Contract &ast;
with the State of Arkansas and &ast;

-2-

Arkansas Department of Corrections;  *
Charles Robins, President, PHP  *
Healthcare, Inc. (originally sued as  *
Charles Robinson); David Rowe, Dr.,  *
Medical Director PHP Healthcare,  *
Inc.; Neema Garst, Dr., Medical  *
Doctor PHP Healthcare, Inc.;  *
Rebekah Lawson, Supervisor, PHP  *
Healthcare, Inc., Diagnostic Unit  *
Hospital; Sharilyn Bealer, Nurse,  *
PHP Healthcare, Inc., Diagnostic Unit  *
Hospital; Tanya Squires, Nurse, PHP  *
Healthcare, Inc., Diagnostic Unit  *
Hospital; Charlotte Schull, Nurse,  *
PHP Healthcare, Inc., Diagnostic  *
Unit Hospital, (originally sued as  *
Charlotte Skulls); John Does, Other  *
Unknown Individuals, in their  *
individually and official capacities,  *
 *
      Appellees.  *

_____

Submitted:  July 31, 1998

Filed:  September 21, 1998
_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
     ARNOLD, Circuit Judges.
_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, former Arkansas inmate Vernon L. Nabert appeals the magistrate judge's[1] grant of judgment as a matter of law in favor of two defendants, and his entry of judgment upon a jury verdict in favor of three defendants. We affirm.

Mr. Nabert filed this suit for damages against thirty defendants who were affiliated with the Arkansas Department of Correction (ADC) or responsible for the delivery of health care to ADC inmates through PHP Healthcare, Inc. After the magistrate judge granted summary judgment in favor of all but five defendants, Mr. Nabert proceeded to trial on his claim that the remaining five defendants were deliberately indifferent to his serious medical needs.

After de novo review, we conclude the magistrate judge correctly granted judgment as a matter of law in favor of defendants Max Mobley and Sharilyn Bealer, see Sip-Top, Inc. v. Ekco Group, Inc., 86 F.3d 827, 830 (8th Cir. 1996) (standard of review), because there was no evidence that either of these defendants was involved in the treatment decisions about which Mr. Nabert complained, see Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997). As to the jury verdict in favor of defendants Dr. Neema Garst, Dr. David Rowe, and nurse Rebekah Lawson, we review for plain error only, because Nabert did not move for judgment as a matter of law after the jury delivered its verdict. See Fed. R. Civ. P. 50; Cross v. Cleaver, 142 F.3d 1059, 1069-70 (8th Cir. 1998) (standard of review where appellant did not move for JAML). We find no such error after considering the evidence in the light most favorable to the prevailing parties. See Estelle v. Gamble, 429 U.S. 97, 104-07 (1976); Keeper, 130 F.3d at

---

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

1313-14; <u>Warren v. Flanning</u>, 950 F.2d 1370, 1373 (8th Cir. 1991) (inmate's disagreement with course of medical treatment does not constitute Eighth Amendment violation), <u>cert. denied</u>, 506 U.S. 836 (1992).

Mr. Nabert also argues he was denied the opportunity to present certain evidence, including the testimony of his treating specialists, but he did not preserve any evidentiary issue for appeal through an offer of proof. <u>See</u> <u>Keeper</u>, 130 F.3d at 1315. Finally, Mr. Nabert's claims of ineffective assistance of counsel are not grounds for reversal in this civil action. <u>See</u> <u>Glick v. Henderson</u>, 855 F.2d 536, 541 (8th Cir. 1988).

Accordingly, we affirm the judgment.

A true copy.

      Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.