Harry BOUT, Plaintiff–Appellant,

v.

Dan L. BOLDEN, et al., Defendants–
Appellees.

No. 00–1232.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; and WEBER, District Judge.*

PER CURIAM.

Plaintiff–Appellant Harry Bout ("Bout") appeals from two orders of the district court, denying first his motion to stay enforcement of sanctions and/or to establish a payment plan, and then his motion for reconsideration of the order which denied his motion to stay enforcement. For the reasons stated below, we affirm.

I.

Bout currently is incarcerated in the Standish Maximum Security Correctional Facility in Standish, Michigan, serving a life sentence for first-degree murder. In

1996, Bout brought an action under 42 U.S.C. § 1983, claiming that prison officials had exhibited deliberate indifference to his medical needs, and had retaliated against him for filing a grievance. *See Bout v. Bolden*, 22 F.Supp.2d 646 (E.D.Mich.1998). Included in his response to the defendants' motion for summary judgment as to the retaliation claim were four documents purporting to be internal prison memoranda that supported the existence of a conspiracy against him.

Determining that such proffered exhibits had been forged, the district court invoked Fed.R.Civ.P. 11's sanctions provisions to strike Bout's defense of his retaliation claim in its entirety. *Id.* at 647–48. Even without considering the fraud, the court granted summary judgment for the defendants on all claims asserted in Bout's § 1983 action. *Id.* at 653. In separate opinions, the district court also relied on Rule 11 to impose on Bout a $5,469.60 sanction, representing the fees of a court-appointed handwriting expert, as well as the defendants' reasonable attorney's fees and expenses related to Bout's retaliation claim. *See Bout v. Bolden*, 22 F.Supp.2d 653 (E.D.Mich.1998).

On Bout's appeal from the grant of summary judgment and from the imposition of sanctions, this court affirmed both orders of the district court. *Bout v. Bolden*, 225 F.3d 658, 2000 WL 1033043 (6th Cir.2000). Bout then filed a "Motion to Stay Enforcement of Sanctions and/or Establish a Payment Plan" with the district court, which was denied. Finally, Bout filed a motion for reconsideration of the order denying the motion to stay enforcement, which the district court likewise denied.

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

Bout now appeals both denials by the district court. He claims that the Michigan Department of Corrections' ("MDOC") method of collecting funds to satisfy his Rule 11 sanctions violates the collection of costs provisions of the Prisoner Litigation Reform Act ("PLRA"); the MDOC's own policy guidelines; the Eighth Amendment's prohibition on cruel and unusual punishment; and the First and Fourteenth Amendments' guarantee of meaningful access to the courts. Specifically, Bout alleges that ongoing collection of sanctions payments from his prison account has depleted that account to a constant balance of seven dollars, deliberately maintained by the MDOC to prevent Bout from attaining indigent status. The Consul General of the Kingdom of the Netherlands, of which Bout is a citizen, also appears as amicus curiae, arguing that Bout's treatment violates international law.

## II.

All aspects of a district court's imposition of Rule 11 sanctions are subject to review under an abuse of discretion standard. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). As this court previously affirmed the district court's sanctions order, *see Bout*, 225 F.3d 658, Bout's appeal from the district court's refusal to stay that order pending appeal is moot. *See In re Kovacs*, 755 F.2d 484 (6th Cir.1985). Accordingly, our review is limited to determining whether the district court abused its discretion by failing to establish a payment plan for satisfying Bout's monetary sanction, or by denying

Bout's motion to reconsider that decision. We conclude that it did not.

Issues not raised before the district court ordinarily are not reviewable on appeal. *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir.1993). Neither Bout's motion requesting a payment plan nor his motion for reconsideration in the district court articulated claims based on the United States Constitution or on the MDOC Director's Office Memorandum 1999–13. Bout's claims on appeal which allege violations of the Eighth, First and Fourteenth Amendments and MDOC policy therefore are not properly before this Court.

Even if Bout's constitutional claims had been properly presented, however, the district court would not have abused its discretion in denying Bout's right of access claim, as the requisite proof of actual injury is not apparent from the record. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The extensive 42 U.S.C. § 1983 action that Bout succeeded in filing after sanctions payments were withdrawn from his prison account seemingly belies any contention that the MDOC's sanctions collection efforts unconstitutionally impinged Bout's access to the courts.

Bout's motions in the district court did include a claim based upon the PLRA. The PLRA provision that Bout seeks to invoke permits indigent prisoners to make "partial payment of any court fees required by law," in accordance with an established formula. *See* 28 U.S.C. § 1915(b)(1). Assuming *arguendo* that Bout would qualify as indigent under the PLRA's terms,[1] we nonetheless conclude

---

1. The record is inconclusive as to Bout's eligibility for *in forma pauperis* status. Although the memorandum supporting Bout's motion to stay enforcement of sanctions refers to an "attached Affidavit of Indigency," that document apparently was omitted from the record on appeal. (*See* Joint Appendix, p. 403, ¶ 5). The defendant disputed Bout's claimed indigence (*see* Joint Appendix, p. 410), and the district court did not deem Bout's claim credible. (*See* Joint Appendix, pp. 413–14 n. 1, 422–23). The record also indicates that Bout

that he is not entitled to Section 1915(b)(1)'s procedures as to the sanctions award. As the district court correctly observed, that section's payment plan provision ordinarily is applied "to accommodate indigent prisoners without resources to pay filing fees." (*See* Joint Appendix, p. 412 (emphasis added)). Section 1915(b)(1) cannot reasonably be construed to insulate prisoners from paying sanctions levied as punishment for fraud on the court.[2] The district court thus did not abuse its discretion in denying Bout's request for a payment plan in accordance with § 1915(b)(1).

Because the record on appeal does not contain a copy of the amicus brief apparently filed in the district court in conjunction with Bout's motion to establish a payment plan (*see* Joint Appendix, pp. 001, 009–010), this court cannot determine the extent to which the arguments the Consul General for the Kingdom of the Netherlands presents on appeal also were raised before the district court. Notwithstanding that omission, such arguments share a deficiency common to all issues raised in Bout's appeal, in that they are directed not to the content of the district court's order imposing sanctions, but rather to the manner in which the MDOC has attempted to collect the monetary sanction imposed. The appropriate vehicle for pursuing such claims would be a 42 U.S.C. § 1983 action against the Michigan Department of Corrections. The fact that Bout already has initiated such a separate action against the

MDOC[3] reinforces our conclusion that the district court did not abuse its discretion in denying Bout's motions for payment plan and to reconsider.

### III

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

survived an earlier motion to dismiss his suit as frivolous under 28 U.S.C. § 1915(g) by advancing the contradictory position that he was *not* subject to the PLRA's *in forma pauperis* provisions. (*See* Joint Appendix, pp. 234–35). This Court's decision is premised on grounds that do not require us to resolve this factual issue.

2. A similar analysis would apply to a properly-preserved claim based upon the MDOC Director's Office Memorandum 1999–13, as

even Bout acknowledges that the MDOC's internal policy regarding deduction of funds from prisoner accounts would not supersede a court order imposed to penalize a prisoner for abusing the judicial system.

3. The pendency of such action was suggested in the Defendant–Appellee's and the Consul General's memoranda, and was confirmed by Bout's counsel during oral argument before this court.