# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2675

_____

Eddie Risdal,                                        *
                                                     *
        Appellant,                           *
                                                     *
    v.                                       *   Appeal from the United States
                                                     *   District Court for the Southern
                                                     *   District of Iowa.
                                                     *
Sally C. Halford, Paul Hedgepeth,                    *
and Ronald Welder,                                   *
                                                     *
        Appellees.                           *


_____

Submitted:  March 15, 2000

Filed:  April 6, 2000
_____

Before McMILLIAN, FLOYD R. GIBSON, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

      Eddie Risdal, a state prisoner, filed this suit under 42 U.S.C. § 1983, asserting
a violation of his first amendment rights.  A jury found that Iowa state penitentiary
officials Sally Halford, Paul Hedgepeth, and Ronald Welder violated Mr. Risdal's first
amendment right to freedom of expression, but it did not award him actual or nominal

damages. When the trial court therefore entered judgment in favor of the defendants, Mr. Risdal moved for judgment as a matter of law, *see* Fed. R. Civ. P. 50(b), seeking, *inter alia*, an award of nominal damages. The trial court denied the motion and Mr. Risdal appeals. We reverse and remand.

## I.

At trial, the defendants submitted Eighth Circuit Civil Model Jury Instruction 4.52 for the court's consideration. That instruction provides that "[i]f you find in favor of plaintiff ... but you find that plaintiff's damages have no monetary value, then you *must* return a verdict for plaintiff in the nominal amount of One Dollar" (emphasis supplied). Mr. Risdal did not submit his own nominal damages instruction, nor did he object to the defendants' proposed instruction. The trial court nevertheless rejected the defendants' proposed instruction *sua sponte* and submitted its own variant, which provided that "[i]f you find that the plaintiff is entitled to a verdict in accordance with these instructions but do not find that the plaintiff has sustained any actual damages, you *may* then return as a verdict for the plaintiff some nominal sum, such as $1.00, as actual damages" (emphasis supplied).

Mr. Risdal contends that since nominal damages must be awarded when a plaintiff establishes a violation of the right to due process, *see Farrar v. Hobby*, 506 U.S. 103, 112 (1992), nominal damages must likewise be awarded when a plaintiff establishes a violation of the right to free speech. Mr. Risdal therefore argues that the trial court erred when it gave the jury the discretion to deny him nominal damages.

Fed. R. Civ. P. 51 provides that "[n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict." *See also Dupre v. Fru-Con Engineering, Inc.*, 112 F.3d 329, 334 (8th Cir. 1997). One of the main objects of the rule is to give the trial court an opportunity "to consider and correct any errors before the jury begins its deliberations," *Ellis v. City of Chicago*, 667 F.2d 606, 610 (7th Cir. 1981).

Because Mr. Risdal did not object to the instruction, we may reverse only if the trial court committed plain error in giving it. *See Kramer v. Logan County School District No. R-1*, 157 F.3d 620, 625 (8th Cir. 1998). Under plain-error review we will reverse "only if the error prejudices the substantial rights of a party and would result in a miscarriage of justice if left uncorrected," *Rush v. Smith*, 56 F.3d 918, 922 (8th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 959 (1995).

We believe, and the defendants conceded during oral argument, that the trial court erred in its instruction on nominal damages. The Supreme Court in *Farrar*, 506 U.S. at 112, ruled that trial courts must award nominal damages when a plaintiff establishes a violation of the right to due process but is unable to prove actual injury. *Farrar* described the right to due process as " ' "absolute," ' " and said that an award of nominal damages to remedy its deprivation " 'recognizes the importance to organized society that [the] righ[t] be scrupulously observed,' " *id.*, *quoting Carey v. Piphus*, 435 U.S. 247, 266 (1978).

We can see no significant distinction between *Farrar* and the case at bar. The protection of first amendment rights is central to guaranteeing our capacity for democratic self-government, *see New York Times Co. v. Sullivan*, 376 U.S. 254, 269-70 (1964), and the right to free speech is as fundamental as the right to due process. We therefore conclude that the rationale of *Farrar* requires an award of nominal damages upon proof of an infringement of the first amendment right to speak. *See generally Yniguez v. Arizonans for Official English*, 69 F.3d 920, 949 (9th Cir. 1995) (*en banc*), *vacated on other grounds*, 520 U.S. 43 (1997).

The defendants contend that this case is governed by *Warren v. Fanning*, 950 F.2d 1370 (8th Cir. 1991), *cert. denied*, 506 U.S. 836 (1992), where, under similar circumstances, we held that no plain error had been committed. We think, however, that that case is distinguishable. The plaintiff in *Warren* not only failed to object to the erroneous instructions on nominal damages, he was the very party who proffered them.

*Id.* at 1374. The *Warren* court, emphasizing that the fault was entirely the plaintiff's, concluded that the use of the erroneous instructions did not result in a miscarriage of justice. *Id.* In our case, in contrast, the trial court was presented with the correct instruction, but for some reason consciously rejected it and substituted an incorrect version. There can be no suggestion, therefore, that the trial court was not given, as Fed. R. Civ. P. 51 requires, an ample opportunity to choose and give the correct instruction.

The trial court's unsolicited error caused it to enter judgment for the defendants, prevented Mr. Risdal from vindicating his right to free speech, *see Farrar*, 506 U.S. at 115, and barred any potential award of attorney's fees to Mr. Risdal as a "prevailing party" under 42 U.S.C. § 1988(b), *see Muhammad v. Lockhart*, 104 F.3d 1069 (8th Cir. 1997). In these circumstances, we conclude that the trial court's failure to instruct the jury adequately with respect to nominal damages was an error that was plain, that affected Mr. Risdal's substantial rights, and that undermined the fairness of the judicial proceeding. *See Caviness v. Nucor-Yamato Steel Co.*, 105 F.3d 1216, 1220 (8th Cir. 1997).

## II.

For the foregoing reasons, we reverse the judgment of the trial court and remand this matter with directions to enter judgment in favor of Mr. Risdal for nominal damages in the amount of one dollar and to conduct further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.