Jeanne PIAUBERT, S.A.; Jacques Bogart, S.A., Plaintiffs–Appellants,

v.

G. Thomas MACINTOSH; Mackall, Crounse & Moore, PLC, Defendants–Appellees,

and

Does 1 through 100, inclusive, Defendants.

Jeanne Piaubert Cosmetics, a California Limited Partnership, Plaintiff–Appellant,

v.

G. Thomas Macintosh; Mackall, Crounse & Moore, PLC, Defendants–Appellees,

and

Does 1 through 100, inclusive, Defendants.

No. 99–56820, 99–56821.
D.C. Nos. CV–98–01085–HLH
CV–98–01086–HLH.

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2001 *.

Decided May 17, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

## MEMORANDUM **

Plaintiffs Jeanne Piaubert, S.A., and Jacques Bogart, S.A. (collectively "JPSA"), and Jeanne Piaubert Cosmetics ("JPC") separately sued Defendant G. Thomas MacIntosh, their former lawyer, and his law firm, Defendant Mackall, Crounse & Moore. Their actions were removed to federal court and consolidated for trial. At the close of the evidence, the district court granted Defendants' motion for judgment as a matter of law (JMOL) against JPC. JPSA's claims went to a jury, which found in Defendants' favor. JPSA and JPC filed motions for new trial or for JMOL, which the district court rejected. Plaintiffs appeal. We affirm.

** This disposition is not appropriate for publication and may not be cited to or by the

### I. JPSA'S APPEAL

#### A. *Arguments for JMOL*

JPSA argues that the district court erred in denying its motion for JMOL under Federal Rule of Civil Procedure 50(b). In its motion, JPSA sought a JMOL based on (1) insufficiency of evidence; (2) JPSA's asserted right to disgorgement of attorney fees; and (3) JPSA's asserted right to nominal damages.

JPSA is not entitled to a JMOL. "In order to preserve the right to move for a [JMOL] under Rule 50(b), a motion under Rule 50(a) first must be made." *Desrosiers v. Flight Int'l of Fla., Inc.*, 156 F.3d 952, 956 (9th Cir.1998). JPSA asserts that it moved for a JMOL under Rule 50(a), but the record reveals otherwise. Because JPSA did not file a motion under Rule 50(a), we decline to address its motion for JMOL under Rule 50(b), with the exception of one issue.

When a motion for JMOL under Rule 50(b) asserts that the special verdict "does not support the judgment" or that the "jury's answers are irreconcilably inconsistent," a reviewing court may consider the motion "even in the absence of either a motion for directed verdict or a motion for JNOV." *Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1369 (9th Cir. 1987). Here, JPSA argues that it is entitled to a JMOL because the jury's answers on the special verdict form were "hopelessly ambiguous, confusing, and unintelligible." As the district court concluded, however, the jury's responses are not so inconsistent or ambiguous that JPSA is entitled to a JMOL or a new trial, in view of the court's "duty to reconcile the jury's special verdict responses on any reason-

courts of this circuit except as provided by 9th Cir. R. 36–3.

able theory consistent with the evidence." *Id.* at 1370.

■ The bulk of JPSA's argument concerns question 14(F). Instead of asking the jurors to answer whether *Plaintiffs* were damaged by misrepresentation, question 14F asked whether *Defendants* were damaged. The district court concluded that the jury likely was not misled by the typographical error in that question. We agree.

The jury's answer to question 14(F) was consistent with its answers to two other of JPSA's claims; there was a wrongful act, but no damage. As the district court concluded, that pattern was consistent with one of Defendants' principal arguments at trial, "that Mr. Konckier was a strong willed executive who trusted his own judgment above all others and that nothing that Mr. MacIntosh said or did made any difference in his decisions."

Further, as the district court noted, the jury was instructed properly on this issue. In the circumstances, it seems likely that, if the jury had noticed the mistake in question 14(F), it would have realized that the question made no sense and would have asked why it mattered whether Defendants had been damaged by their own fraud.

JPSA also argues that, even assuming that the jury thought that it was supposed to decide whether *Plaintiffs* had suffered damage, its answer to question 14(F) nevertheless was inconsistent with its answer to question 14(E). JPSA makes essentially the same argument with regard to questions 9 and 10. The substance of its arguments is that, once it was established that Defendants had breached their duty, JPSA had to have suffered damages.

But, as the district court concluded, the jury's answers to those questions are consistent with each other and with the way Defendants presented their case. To recover damages, JPSA had to prove *both* that Defendants misled Konckier about the Hollister settlement *and* that, but for Defendants' acts, JPSA would have refused to settle the case, used the dispute to "unwind" the JPC venture, and thereby saved $4 million. There are several ways that the jury could have concluded, consistent with the evidence and arguments that Defendants presented, that JPSA had failed to satisfy that second step of proving damages. For example, the jury might have concluded that Konckier had not listened to MacIntosh; or that, even if it had tried to "unwind" the deal, JPSA was contractually obligated to advance the $5 million to JPC.

## B. *Arguments for New Trial*

JPSA also argues that the district court abused its discretion in denying its motion for new trial under Federal Rule of Civil Procedure 59.

### 1. *Sufficiency of the Evidence*

■ JPSA argues that it is entitled to a new trial because there was no substantial evidence for several of the jury's findings. "It is thoroughly established that the sufficiency of the evidence is not reviewable on appeal unless a motion [for JMOL under Rule 50(a) ] was made in trial court." *Benigni v. City of Hemet,* 879 F.2d 473, 476 (9th Cir.1988) (citations and internal quotation marks omitted). Here, as noted, JPSA made no such motion.

In the circumstances, we may review only under the "limited exception to the rule against review of the sufficiency of the evidence in the absence of a motion for a directed verdict: where there is plain error apparent on the face of the record that, if not noticed, would result in a manifest miscarriage of justice." *United States v. 33.5 Acres of Land,* 789 F.2d 1396, 1400

(9th Cir.1986) (citation and internal quotation marks omitted). "This exception, however, permits only 'extraordinarily deferential' review that is 'limited to whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency.'" *Patel v. Penman*, 103 F.3d 868, 878 (9th Cir.1996) (emphasis in original) (citations and internal quotation marks omitted).

The evidence here satisfies that "extraordinarily deferential" review. Evidence was presented at trial indicating that (1) Konckier believed that JPSA was bound to continue to fund JPC; (2) Konckier wanted the JPC venture to continue even after the Hollisters were forced out; and (3) Konckier was unlikely to have been swayed by business advice from MacIntosh or anyone else. There also was evidence to the contrary, but our task is not to weigh conflicting evidence.

### 2. *Nominal Damages and Disgorgement of Fees*

■ JPSA also argues that it was entitled to at least nominal damages and disgorgement of attorney fees, because the jury found that Defendants had breached their duty to JPSA in several respects. As the district court noted, however, JPSA did not argue that it was entitled to such damages until after the jury had returned its verdict. JPSA did not raise those issues to the jury, did not request a jury instruction on nominal damages or disgorgement of fees, and did not request or obtain any interrogatories in the special verdict form to address either measure of damages. JPSA is not entitled to a new trial based on theories that it failed to

present to the jury in its first trial. *See Kelly v. City of Oakland*, 198 F.3d 779, 785 (9th Cir.1999) (holding that the movant was not entitled to new trial under Rule 59 based on a defense which, "if properly placed in issue, would have affected the course of the jury trial").[1]

### 3. *Inconsistency in the Jury's Verdict*

JPSA also asserts that it is entitled to a new trial based on inconsistencies in the jury's responses to the questions on the special verdict form. As discussed above, the district court properly concluded that the jury's answers were not fatally inconsistent, despite the typographical error in the special verdict form. It follows that the district court did not abuse its discretion in refusing to grant a new trial on this basis.

### 4. *Misconduct by Counsel*

Next, JPSA argues that the district court should have granted its motion for new trial based on alleged misconduct by defense counsel. "To grant a new trial because of attorney misconduct, 'the flavor of the misconduct must [have] sufficiently permeate[d][the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Larez v. City of Los Angeles*, 946 F.2d 630, 637 (9th Cir.1991) (quoting *McKinley v. City of Eloy*, 705 F.2d 1110, 1117 (9th Cir.1983)). Assuming that the incidents to which JPSA refers—one of which does not appear to have anything to do with defense counsel, and the other of which appears to have been a mistake—even constitute misconduct, they fall far

---

1. We assume, without deciding, that under California law a client whose lawyer has a conflict of interest may be entitled to disgorgement of fees paid. That theory cannot avail JPSA for two reasons. First, JPSA did not present this theory to the district court at a time or in a manner that would have preserved the issue, whether it would have been an issue for the jury or the court. Second, as JPC argues in its brief, JPSA did not pay Defendants' fees; JPC did.

short of the standard for requiring the grant of a new trial.

### 5. *Judicial Misconduct*

Finally, JPSA argues that it is entitled to a new trial because the district court engaged in "highly improper" conduct by (1) considering jurors' post-verdict statements to defense counsel and (2) speaking to one of the jurors, in chambers, after the jury was discharged. We disagree.

As to the first charge of misconduct, we note that JPSA's counsel also presented the district court with accounts of his post-verdict conversations with jurors, just as defense counsel did. The court properly declined to consider *either* lawyer's account of those conversations.

■ As to the second charge, JPSA never objected to the court's alleged "misconduct"—not when the court offered to speak to discharged jurors in chambers, and not when the court stated that it had, in fact, spoken to one discharged juror. There was no misconduct, and there is no reason, other than counsel's bald assertion, to believe that the district court's decision was "contaminated."

## II. JPC'S APPEAL

JPC argues on several grounds that the district court erred in granting Defendants' motion for JMOL and abused its discretion in denying JPC's motion for new trial. JPC's arguments are unpersuasive.

■ First, JPC argues that the district court erred in holding that it had not incurred "reliance damages" as a result of Defendants' misdeeds. JPC's argument on this point is that, if MacIntosh had not fraudulently induced JPSA to accept the Hollister settlement, then JPSA would have ended the JPC partnership in January 1995. Had it done so, then JPC would not have been given cash, goods, and ser-

vices worth $6.14 million between January 1995 and July 1996.

But, even assuming that a business *can* be damaged by being given millions of dollars, JPC does not explain why it was damaged in this case. JPC received money, spent it all, and has no apparent ability, or intention, to pay it back. In the circumstances, as the district court concluded, JPC's argument that it suffered reliance damages is unpersuasive.

JPC also argues that, regardless of reliance damages, it was entitled to disgorgement of attorney fees. According to JPC, the district court erred in granting Defendants' motion for JMOL, because the case could have gone to the jury solely on that alternative allegation of damages.

Assuming that disgorgement of fees, which JPC neither pleaded nor argued to the jury, properly could have been granted in this action, JPC's argument fails. The wrongdoing that JPC alleged in this case was, essentially, Defendants' failure to advise Konckier to "unwind" the JPC transaction. If anyone was damaged by that failure, it was JPSA, not JPC. JPC cannot claim the equitable remedy of disgorgement for a breach that resulted in its receiving millions of dollars which, it argues, it would not have received but for the breach.

JPC also argues that JMOL was improper because it was entitled to nominal damages. JPC neither pleaded nor argued that it was entitled to nominal damages; nor did it raise this issue in opposition to the motion for JMOL that the district court granted. Therefore, JPC has waived this issue.

■ Finally, JPC argues that Defendants' motion for JMOL under Rule 50(a) was an "improper motion for reconsideration" of the district court's denial of their initial motion under Rule 50(a). JPC pres-

ents no authority for the proposition that a party may not renew an earlier motion under Rule 50(a). Renewing motions under Rule 50(a) appears to be common practice; indeed, it is required in this circuit, if a party has filed an initial motion at any time before the close of all the evidence. *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 786 F.2d 1342, 1346–47 (9th Cir.1985). JPC's argument is not well taken.

AFFIRMED.