# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2971

_____

Clayton Miller,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant,　　　　　　*
　　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　v.　　　　　　　　　　　　　*　　District Court for the
　　　　　　　　　　　　　　　　　*　　Eastern District of Missouri.
Mark Albright; Patrick E. Cobb,　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellees.　　　　　　*

_____

Submitted: April 12, 2011
Filed: October 6, 2011

_____

Before WOLLMAN and MELLOY, Circuit Judges, and MILLER,[1] District Judge.

_____

MILLER, District Judge.

Clayton Miller filed suit against St. Louis police officers Mark Albright and Patrick E. Cobb for violating his Fourth Amendment rights by unlawfully entering his home, using excessive force, and unlawfully arresting him, and for violating Missouri common law by maliciously prosecuting him. A jury rendered a verdict for Miller on the unlawful entry claim and for Albright and Cobb on the excessive force, unlawful

_____

[1] The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

arrest, and malicious prosecution claims. Because the jury awarded no damages to Miller on his unlawful entry claim, Miller asked the district court[2] to direct the jury to award nominal damages. The district court denied Miller's request, and Miller subsequently moved, pursuant to Federal Rule of Civil Procedure 59(e), for the district court to alter or amend the judgment to award nominal damages. When that motion was denied, Miller brought this appeal. We affirm.

I.

Officials at Dewey Elementary School in St. Louis, Missouri noticed Clayton Miller, an unfamiliar and noticeably intoxicated adult, in the schoolyard taking pictures of the students. They asked him to leave but he refused, so they called 911 to seek emergency help. By the time Mark Albright and Patrick E. Cobb of the St. Louis Police Department arrived, Miller had left the scene. One of Miller's neighbors, however, directed the officers to Miller's home. Upon arriving at Miller's home, the officers noticed that it appeared to be uninhabited, so they entered and found Miller asleep in a bedroom. When they entered the bedroom, an altercation ensued and Miller was arrested. Charges were filed against Miller but were subsequently dismissed.

Miller sued Albright and Cobb under the Fourth Amendment for unlawful entry, excessive force, and unlawful arrest. He also brought a state common law claim of malicious prosecution. At the conclusion of the proof, Miller proposed jury instructions for both compensatory and punitive damages, but did not propose an instruction for nominal damages. Miller also proposed a verdict form that addressed each claim but did not provide specifically for nominal damages. The verdict form merely provided blank spaces for the jury to write in the amount of damages awarded

---

[2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

to Miller on each claim for which the jury rendered a verdict in his favor. The district court held an instructions conference and gave the parties an opportunity to object to the proposed instructions and verdict forms; however, Miller did not object to the instructions or verdict form. In fact, the damages instructions and verdict form given to the jury were practically identical to those submitted by Miller.

After deliberating, the jury entered a verdict for Miller on the unlawful entry claim and entered verdicts for Albright and Cobb on the remaining claims. The jury, however, wrote "none" on the damages line of the verdict form. After the verdict was read, but before the jury was discharged, Miller's lawyer approached the bench and requested that the district court direct the jury to award nominal damages, but that request was denied. Miller subsequently filed a Federal Rule of Civil Procedure Rule 59(e) motion to alter or amend the judgment to include an award of nominal damages, but that motion was also denied.

## II.

Miller appeals, asserting that the district court abused its discretion by failing to order the jury to award nominal damages following entry of the verdict and by denying Miller's Rule 59(e) motion to alter or amend the judgment to award nominal damages. He concedes that under Federal Rule of Civil Procedure 51, a party waives the right to request an instruction if the party does not request the instruction before the jury retires. Appellant's Opening Brief (App. Br.), at 9. He also acknowledges that he neither requested a nominal damages instruction nor objected to the damages instructions or the verdict form at the instructions conference. App. Br., at 3, 6. Miller further concedes that the damages instruction given to the jury was nearly identical to the one he proffered. Id. Miller, however, asks that we adopt an exception to Rule 51 that would permit a plaintiff to request nominal damages after the return of a verdict, but before dismissal of the jury, in cases where a plaintiff alleges multiple constitutional claims and one claim has damages and one does not.

-3-

We affirm because the district court did not plainly err in denying either Miller's post-verdict request to direct the jury to award nominal damages, or his Rule 59(e) motion to alter or amend the judgment to award nominal damages. We also decline to adopt an exception to Rule 51 that would permit plaintiffs to request nominal damages after the verdict is rendered.

A.

Miller waived the right to appeal any error in the jury instructions and verdict form because he failed to object to them. "Error cannot be based on the giving of an instruction to which the complaining party has not properly objected." Westcott v. Crinklaw, 133 F.3d 658, 662 (8th Cir. 1998) (citing Fed. R. Civ. P. 51). To overcome his failure to object to the instructions and verdict form, Miller must show that the giving of the instructions and verdict form was plain error that resulted in a "miscarriage of justice." See Warren v. Fanning, 950 F.2d 1370, 1374 (8th Cir. 1991), cert. denied, 506 U.S. 836, 113 S.Ct. 111, 121 L.Ed. 2d 68 (1992); Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights"). "Our review under [the plain error] standard is narrow and is confined to the exceptional case in which error has 'seriously affected the fairness, integrity, or public reputation of the judicial proceedings.'" Slidell, Inc. v. Millennium Inorganic Chems., Inc., 460 F.3d 1047, 1054 (8th Cir. 2006) (quoting Genthe v. Lincoln, 383 F.3d 713, 718 (8th Cir. 2004)).

Miller does not argue, and the record does not indicate, that the fairness, integrity, or public reputation of the judicial proceedings were effected by the district court's ruling. Instead, Miller argues that the district court was obligated to award nominal damages, regardless of the timeliness of the request, once the jury found that Albright and Cobb violated his constitutional rights. In support of his position, Miller cites Carey v. Piphus, 435 U.S. 247, 266 (1978) ("[T]he denial of procedural due

process is actionable for nominal damages without proof of actual injury."); Farrar v. Hobby, 506 U.S. 103, 112 (1992) ("[A] court [must] award nominal damages when a plaintiff establishes a violation of his right to procedural due process but cannot prove actual injury."); and Risdal v. Halford, 209 F.3d 1071, 1072-73 (8th Cir. 2000) (holding that the First Amendment right to free speech is absolute and an award of nominal damages is required even if the defendant fails to object to the nominal damages instruction).

These cases, however, do not address whether a nominal damages instruction must be given for a Fourth Amendment unlawful entry violation. In Farrar the Supreme Court held that a district court is obligated to award nominal damages pursuant to Carey, when a plaintiff prevails on a procedural due process claim but cannot prove actual injury. 506 U.S. at 112. Likewise, in Risdal we cited Farrar for the proposition that nominal damages must be awarded when a plaintiff establishes a violation of the right to free speech. 209 F.3d at 1072.

Further, even if we determine that a nominal damages instruction must be given for unlawful entry violations, Miller still cannot overcome his failure to object to the instructions and verdict form given. To the extent that Miller argues plain error should be found because we found such in Risdal, his argument fails. Although we found plain error in Risdal despite the fact that Risdal failed to object to the nominal damages instruction submitted to the jury, we were presented with a very different set of facts from the ones we face today. This is true because, in Risdal, the defendants submitted the correct jury instruction to the district court for consideration and the court sua sponte rejected that instruction and submitted its own improper variant. Id. at 1071. Thus, "[t]he trial court's unsolicited error caused it to enter judgment for the defendants, prevented Mr. Risdal from vindicating his right to free speech, and barred any potential award of attorney's fees . . . ." Id. at 1072-73. (citations omitted).

In <u>Risdal</u> we specifically distinguished <u>Warren v. Fanning</u>, which has facts similar to the facts herein. <u>Id.</u> at 1072. <u>Warren</u> involved an inmate in the Missouri Department of Corrections who alleged that defendants violated his Eighth Amendment rights by denying him proper medical treatment. 950 F.2d at 1372. At the close of the evidence, the jury was improperly instructed that if it "found a violation but no substantial actual damages, the jury was allowed (but not required) to award Warren nominal damages in the amount of one dollar." <u>Id.</u> at 1372-73. The jury found in favor of Warren against one defendant but awarded him neither actual damages nor nominal damages. <u>Id.</u> at 1373. Although the instruction was improper, we affirmed the verdict chiefly because Warren not only failed to object to the improper instruction, but he was the one who proffered it. <u>Id.</u> at 1374.

We affirm on this point because Miller simply failed to timely request a nominal damages instruction and, indeed, was the one who proffered the instructions and verdict form that were ultimately given to the jury. Therefore, the district court did not commit plain error either when it failed to instruct the jury, post-verdict, to award nominal damages, or when it denied Miller's Rule 59(e) motion.

B.

Conceding that he did not object to the jury instructions and verdict form, Miller argues that we should adopt an exception to Rule 51 that would permit a plaintiff to request nominal damages after the verdict has been read, but before the jury is discharged. He suggests that the proposed exception should apply when: (1) a plaintiff brings multiple constitutional claims and one of the claims has actual damages and one does not; and (2) the jury finds in plaintiff's favor on the claim that does not have actual damages. Miller argues that failing to adopt this exception will invite the type of error the district court would have committed had it given a nominal damages instruction before the jury retired to deliberate. He further argues that the district court would have committed error if it had given a nominal damages

instruction to the jury before deliberations because he suffered actual damages as proven by the evidence introduced in support of his excessive force claim. In support of this contention, he cites Westcott v. Crinklaw, in which we stated that "[t]he law is clear that a nominal damage instruction is not appropriate when there is proof of actual injury." 133 F.3d 658, 662 (8th Cir. 1998).

Miller's reliance on Westcott is misplaced. In Westcott we held that the district court erred in instructing the jury on nominal damages because the evidence conclusively established that the plaintiff's deceased husband suffered fatal injuries and that the plaintiff sustained actual damages. Id. In that case, Westcott sued a police officer for excessive force in the shooting death of her husband. Id. at 659-660, 663. The parties stipulated that Westcott incurred funeral expenses of $3,262.64. Id. at 662. Before deliberating, the jury was instructed that "if you find for the plaintiff, but find that the loss resulting from [decedent's] death has no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00)." Id. at 661 n.4. The jury found for Westcott and awarded $1.00 in nominal damages. Id. at 660. On appeal, we held that instructing the jury on nominal damages was reversible error because there was no dispute that Westcott's husband was fatally injured and the parties stipulated to the funeral expenses. Id. at 662.

In contrast to Westcott, Miller's unlawful entry claim was not supported by proof of actual damages. Although he introduced evidence of actual damages resulting from his excessive force claim, he did not introduce evidence of damages resulting from his unlawful entry claim. In that these two claims are separate and distinct, the damages resulting from the excessive force claim are not sufficient to show that Miller suffered damages as a result of the officers' unlawful entry into his home. Therefore, the district court would not have erred if it had given a nominal damages instruction on Miller's unlawful entry claim.

Miller further points out that the First Circuit has held that "a plaintiff may request the judge to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the trial court for nominal damages on the occasion of, <u>or immediately after</u>, the return of the verdict." <u>Azimi v. Jordan's Meats, Inc.</u>, 456 F.3d 228, 240 (1st Cir. 2006) (emphasis added). The <u>Azimi</u> court noted that this rule allows a plaintiff to avoid the tactical dilemma that occurs when a plaintiff is forced to choose between asking for only compensatory damages and risking a zero-dollar verdict, on one hand, or requesting a nominal damages instruction and giving the jury an easy "out" on the other hand. <u>Id.</u> Miller argues that this is the dilemma he faced.

Before addressing the tactical dilemma issue, it must first be noted that, although the First Circuit has adopted an exception to Rule 51(c)(2), many circuits that have addressed similar issues have declined to do so. <u>See</u> <u>Oliver v. Falla</u>, 258 F.3d 1277, 1282 (11th Cir. 2001) (holding that the right to nominal damages for Eighth Amendment violations can be waived if such damages are not timely requested); <u>Piaubert v. MacIntosh</u>, 10 Fed. App'x 503 (9th Cir. 2001) (unpublished opinion) (holding that the right to nominal damages was waived in a breach of duty action when plaintiff failed to raise the issue of nominal damages until after the verdict); <u>Salazaar v. Encinias</u>, 242 F.3d 390 (10th Cir. 2000) (unpublished table decision) (holding that plaintiff waived the right to nominal damages in an excessive force case because nominal damages were not requested until after the verdict); <u>Alexander v. Riga</u>, 208 F.3d 419, 429 (3d Cir. 2000) (holding that the right to nominal damages for race discrimination claims can be waived if such damages are not timely requested); <u>Sims v. Mulcahy</u>, 902 F.2d 524, 536 (7th Cir. 1990) (holding that plaintiff's failure to timely challenge jury instruction regarding nominal damages on an unlawful entry claim waived her right to raise the issue on appeal).

Further, the facts of this case do not warrant a consideration of whether an exception to Rule 51 should be adopted. This is true because Miller was not faced with a tactical dilemma similar to the one discussed in <u>Azimi</u> because there was no

proof of actual damages regarding Miller's unlawful entry claim. The proof of damages at trial was limited to the physical injuries Miller received as a result of his altercation with Albright and Cobb, which stem from his excessive force claim. Had Miller proceeded solely on his excessive force claim, he might have faced the tactical dilemma discussed in <u>Azimi</u>. This is simply not the circumstance before us. Here, Miller could have proposed a nominal damages instruction solely for his unlawful entry claim and sought only actual damages on his excessive force claim. Accordingly, we decline to adopt Miller's suggested exception and affirm the district court in its proper application of Rule 51.

### III.

For all of the reasons set forth above, the district court's denial of Miller's post-verdict request to instruct the jury to award nominal damages and its denial of Miller's motion to alter and amend the judgment are affirmed.

_____